HARRY HARTLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27725.   Promulgated June 12, 1929.

*J. Thomas Baldwin, Esq.,* for the petitioner.
*E. C. Lake, Esq.,* for the respondent.

## OPINION.

ARUNDELL: Respondent has declined to allow the loss of $132,067.71 as a part of the net business loss sustained by petitioner in the year 1921, on the ground that the " transaction " was not connected with any business regularly carried on by him. We think that the respondent has taken too narrow a view of the matter.

The findings, in our opinion, establish the fact that during the year 1921 the business of the petitioner was that of combing wool for others on a commission basis, and buying, combing and selling wool for his own account. This was petitioner's regular method of conducting his business during the period from 1906 to 1914. It is true that he did not buy, comb and sell wool for his own account during his absence in England, but upon his return to this country in the year 1919 he resumed his former practice of so doing. During the fall of 1919 and the first two months of 1920 he purchased 14 lots of raw wool at a cost of $324,038.86. During the years 1920 and 1921 he expended on the wool a total of $87,392.74 for manufacturing and other charges. In the years 1920 and 1921 he made 35 sales of the finished product. Petitioner's activities in the buying, combing and selling of wool on his own account were not isolated transactions, as determined by respondent, but were sufficiently numerous in the year 1921 to constitute a business regularly carried on by him, within the meaning of section 204 (a) of the Revenue Act of 1921. If we are wrong in treating the operations of petitioner as two departments of a single business, we would nevertheless be of the opinion that the loss sustained on the buying, combing and selling of wool for

1022

petitioner's own account was a net loss within the meaning of the statute, as such loss is not limited to one suffered in taxpayer's principal business, but in any business regularly carried on by him. *Oscar K. Eysenbach*, 10 B. T. A. 716, and *E. M. Elliott*, 15 B. T. A. 494.

*Judgment will be entered under Rule 50.*